AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 8 2025

CLERK, U.S. DISTRICT COURT
By _____
Deputy

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

Jhonatan Hernandez-Perez
_____
Petitioner

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
_____

Respondent
*(name of warden or authorized person having custody of petitioner)*

Case No. 3-25CV2415-X
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  Jhonatan Hernandez-Perez
    (b) Other names you have used:

2.  Place of confinement:
    (a) Name of institution:  ~~CIMARRON~~ Cimarron Correctional Facility
    (b) Address:  3200 S. Kings Hwy
        Cushing OK, 74023
    (c) Your identification number:  A 209001442

3.  Are you currently being held on orders by:
    ☑ Federal authorities    ☐ State authorities    ☐ Other - explain:
    ICE DETENTION

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
       If you are currently serving a sentence, provide:
          (a) Name and location of court that sentenced you:

          (b) Docket number of criminal case:
          (c) Date of sentencing:
    ☑ Being held on an immigration charge
    ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

☒ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
   maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other *(explain)*:

6.    Provide more information about the decision or action you are challenging:
    (a) Name and location of the agency or court: U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
REFUSAL TO RELEASE ME FROM IMMIGRATION DETENTION.
    (b) Docket number, case number, or opinion number: NONE
    (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

    U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, REFUSAL TO RELEASE
ME FROM IMMIGRATION DETENTION.

    (d) Date of the decision or action:

### Your Earlier Challenges of the Decision or Action

7.    **First appeal**

    Did you appeal the decision, file a grievance, or seek an administrative remedy?

    ❏ Yes       ☒ No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court:

        (2) Date of filing:

        (3) Docket number, case number, or opinion number:

        (4) Result:

        (5) Date of result:

        (6) Issues raised:

    (b) If you answered "No," explain why you did not appeal: The Immigration Judge Granted
me deferral of Removal Under the Convention Against Torture.
(DCAT)

8.    **Second appeal**

    After the first appeal, did you file a second appeal to a higher authority, agency, or court?

    ❏ Yes       ☒ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court:

    (2)  Date of filing:

    (3)  Docket number, case number, or opinion number:

    (4)  Result:

    (5)  Date of result:

    (6)  Issues raised:

(b)  If you answered "No," explain why you did not file a second appeal: *Same reason why I did not file a first appeal*

9.  **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❑ Yes        ☒ No

(a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court:

    (2)  Date of filing:

    (3)  Docket number, case number, or opinion number:

    (4)  Result:

    (5)  Date of result:

    (6)  Issues raised:

(b)  If you answered "No," explain why you did not file a third appeal: *Same reason why I did not file a first appeal.*

10.  **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❑ Yes        ☒ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ❑ Yes        ❑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

        If "Yes," provide:

        (1)  Name of court:

        (2)  Case number:

        (3)  Date of filing:

        (4)  Result:

        (5)  Date of result:

        (6)  Issues raised:

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

        ❏ Yes           ❏ No

        If "Yes," provide:

        (1)  Name of court:

        (2)  Case number:

        (3)  Date of filing:

        (4)  Result:

        (5)  Date of result:

        (6)  Issues raised:

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☑ Yes        ❏ No

        If "Yes," provide:

(a)    Date you were taken into immigration custody:  OCTOBER 9, 2024

(b)    Date of the removal or reinstatement order:  JANUARY 2, 2025

(c)    Did you file an appeal with the Board of Immigration Appeals?

        ❏ Yes           ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing:

(2) Case number:

(3) Result:

(4) Date of result:

(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?

❑ Yes                    ☑ No

If "Yes," provide:

(1) Name of court:

(2) Date of filing:

(3) Case number:

(4) Result:

(5) Date of result:

(6) Issues raised:

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

❑ Yes                    ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application:

(b) Name of the authority, agency, or court:

(c) Date of filing:

(d) Docket number, case number, or opinion number:

(e) Result:

(f) Date of result:

(g) Issues raised:

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Violation of 8 U.S.C. §1231 (a)(6)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

I have been detained by ICE beyond the removal period authorized by statute. ICE is not likely to remove me in the near future. See attached memorandum with additional specific facts. Question (b) below is not applicable.

(b) Did you present Ground One in all appeals that were available to you?
❏ Yes            ❏ No

**GROUND TWO:** Violation of the due process clause of the fifth Amendment to the U.S. Constitution.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

ICE is depriving me of my right to liberty. I have been detained by ICE for a prolonged period. See attached memorandum with additional specific facts. Question (b) below is not applicable.

(b) Did you present Ground Two in all appeals that were available to you?
❏ Yes            ❏ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
❏ Yes            ❏ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
❏ Yes                ❏ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did
       not:    This is not applicable to this matter.

## Request for Relief

15. State exactly what you want the court to do:    Order my immediate release from ICE
custody.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

Monday, August 25, 2025

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 8/22/25

Jhonatan Hernandez

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

## MEMORANDUM OF LAW IN SUPPORT OF PETITION OF WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Name: Jhonatan Hernandez-Perez

Alien Registration No.: A209001442

Pro Se Petitioner-Detained

Detention Center: Cimarron Correctional Facility

Address: 3200 S. Kings Hwy

Cushing OK, 74023

1

## INTRODUCTION

1. Petitioner, _Jhonatan Hernandez-Perez_ petitions this Court for a writ of habeas corpus to remedy Petitioner's indefinite detention by Respondents. Petitioner submits this Memorandum of Law in Support of the Petition for a Writ of Habeas Corpus.

2. As the Supreme Court held in _Zadvydas v. Davis_, 533 U.S. 678 (2001), noncitizens cannot be detained indefinitely if the government is unable to carry out their removal. Instead, detention after a final order of removal is authorized only when removal is reasonably foreseeable. As a guide to courts, the Court in _Zadvydas_ established a presumption that detention after a final order of removal was permissible for six months. Detention after a final order may be unlawful even when six months have not passed, particularly if it is clear that the United States will not be able to effect a noncitizen's removal. But after that six-month period, once a noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." And the longer a noncitizen has been detained, the stronger the government's showing must be.

3. Petitioner is entitled to release under the framework of _Zadvydas_ unless the government promptly demonstrates that there is a significant likelihood of removal in the reasonably foreseeable future.

4. Petitioner respectfully requests that the Court use its authority under 28 U.S.C. § 2243 to order the Respondents to file a return within three days, unless they can show good cause for additional time. _See_ 28 U.S.C. § 2243 (stating that an order to show cause why a petition for a writ of habeas corpus should be denied is returnable "within three days unless for good cause additional time, not exceeding twenty days, is allowed").

5. In order to permit full judicial review of the claims herein and requested relief, Petitioner respectfully requests that the Court order Respondents not to transfer Petitioner outside the jurisdiction of this Court pending consideration of this Petition.

## STATEMENT OF FACTS

6. Petitioner was born in: ___Mexico___.

7. Petitioner entered the United States on or about: ___October 30, 2022___.

8. An Immigration Judge ordered Petitioner removed from the United States on or about ___January 2, 2025___.

9. Regarding Appeals: ___Petitioner did not file an appeal with the Board of Immigration Appeals ("BIA").___

10. Petitioner has cooperated fully with all of ICE's efforts to remove Petitioner. Petitioner has cooperated with ICE in the following ways: ___Petitioner has cooperated with ICE by providing information about Petitioner's country of birth and country of citizenship. Also by talking to his home country consulate or embassy. Petitioner has cooperated with ICE by providing finger prints, and other identification documents.___

3

11. Nonetheless, ICE has been unable to remove Petitioner from the United States. ICE is

unlikely to remove Petitioner in the reasonably foreseeable future because: The
Immigration Judge Granted Petitioner Deferral
Of Removal Under Convention Against Torture
(DCAT) And has exceeded the 180 days removal
Period authorized by Statute. The Petitioner is
also not a citizen of the Countrys ICE is seeking
to deport him to. The idea of The Petitioner being Removable to
a third Country is Absolutly not Possible. From January 2nd up to
now ICE has failed to do so see Exhibit #A

12. Regarding Petitioner Detention: Petitioner was given Order
of Supervision papers by ICE on June 11, 2025
but was not released. ICE has also failed to
Provide Petitioner with the 180 day review
required legal process.

13. If released, Petitioner will be supported by family and friends in the United States. In

particular: Petitioners Siblings Edgar Hernandez and Jeimy
Hernandez both U.S. Citizens at 568 Laverne Dr
Green Bay, Wisconsin 54311. Both Siblings over
the age of 21.

*[Left margin, vertical handwriting:]* 3 Countries (Spain, El Salvador, Chile) did NOT Accept him. ICE officer Verbally X told The Petitioner The

## ARGUMENT

14. This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA") §§ 101–507, 8 U.S.C. § 1101–1537, amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-1570.

15. This Court has jurisdiction under 28 U.S.C. § 2241, the Suspension Clause, U.S. Const. art. I § 9, cl. 2, and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and Petitioner's custody is in violation of the Constitution, laws, or treaties of the United States. *See Zadvydas*, 566 U.S. 678. This Court may grant relief under 28 U.S.C. § 2241 (habeas corpus), 5 U.S.C. § 702 (establishing the right of review for a person suffering a legal wrong due to agency action), and 28 U.S.C. § 1651 (All Writs Act).

16. The Due Process clause applies to all persons in the United States, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. In *Zadvydas*, the Supreme Court emphasized, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical lies at the heart of the liberty that [the Due Process] Clause protects." 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). The Court noted, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.*; *see also Plyer v. Doe*, 457 U.S. 202, 210 (1982) ("Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments.").

17. Under 8 U.S.C. § 1231(a)(2), noncitizens subject to final orders of removal "shall" be detained during the first 90 days—the "removal period"—and they "shall" be removed during that period under § 1231(a)(1). Under 8 U.S.C. § 1231(a)(6), the government "may" continue detention beyond the 90-day removal period if a noncitizen falls within certain broad categories of removability or is determined "to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. §1231(a)(6).

18. In *Zadvydas*, the Supreme Court construed 8 U.S.C. §1231(a)(6) to authorize detention only where it is significantly likely that removal will occur in the reasonably foreseeable future, in order to avoid the serious due process concerns that would be presented by permitting detention for an indefinite period of time. *Zadvydas*, 533 U.S. at CITE. After a noncitizen meets his or her initial burden to show that no such likelihood of removal exists, the burden shifts to the Government to "respond with evidence sufficient to rebut [the alien's] showing." *Id.* at 701.

19. Courts have rejected conclusory claims by ICE agents which claim, without submitting concrete factual information about scheduled flights or repatriation agreements, that removal is imminent. "[A] theoretical possibility of eventually being removed does not satisfy the government's burden once the removal period has expired and the petitioner establishes good reason to believe his removal is not significantly likely in the reasonably foreseeable future." *Balza v. Barr*, No. 6:20-CV-00866, 2020 WL 6143643, at *5 (W.D. La. Sept. 17, 2020) (internal quotation marks and citation omitted). "[I]f [ICE] has no idea of when it might reasonably expect [Petitioner] to be repatriated, [a] Court certainly cannot conclude that [a] removal is likely to occur—or even that it might occur—in the reasonably foreseeable future." *Id.* at *5 (internal quotation marks and citation omitted). *See also,*

*Gomez Barco v. Witte*, No. 6:20-CV-00497, 2020 WL 7393786 (W.D. La. Dec. 16, 2020) (ordering release of a petitioner who was detained longer than six months because ICE had not been able to secure necessary travel documents, noting that the ICE officer "clearly has no factual basis for his 'belief' that there is no foreseeable impediment to Petitioner's removal or that her removal is imminent," and that there was no foundation for the "expectation" that the COVID-19 related travel restrictions in place would soon be lifted); *Balza v. Barr*, No. 6:20-CV-00866, 2020 WL 6064881 (W.D. La. Oct. 14, 2020) (same).[1] In granting Ms. Balza's release, the court considered and rejected a conclusory declaration by a local ICE Assistant Field Officer that removal was imminent. *Id.* at *5. In *Alexis v. Smith*, the petitioner, Mr. Alexis, had been in detention for almost a year and subject to a removal order for over a year. An ICE official testified to an informal agreement that permitted removals but acknowledged that there were far fewer removals to Haiti in the aftermath of the 2010 hurricane. The Haitian government had an issue with identity documents and it was unknown when that would be resolved. The magistrate did not credit ICE's vague statements that it was "endeavoring to rectify the issue" and concluded there was no end in sight for detention, and recommended release. The District Court Judge agreed and ordered release. ICE then released Mr. Alexis on an Order of Supervised release

---

[1]  Other district courts in the Fifth Circuit and elsewhere have similarly granted habeas relief when the noncitizen has shown that there is no significant likelihood of removal in the reasonably foreseeable future. *See, e.g., Carreno v. Gillis*, No. 5:20-cv-44-KS-MTP, 2020 WL 8366735 (S.D. Miss. Dec. 16, 2020) (granting habeas relief to petitioner detained for approximately sixteen months due to a lack of diplomatic relations with Venezuela); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703 (S.D. Tex. 2020) (granting habeas relief to petitioner initially detained for three years, released and detained again for four months when petitioner could not be removed due to travel restrictions to Pakistan); *Sharifi v. Gillis*, No. 5:20-cv-5-DCB-MTP, 2020 WL 7379211 (S.D. Miss. Oct. 9, 2020) (granting habeas relief to petitioner detained for seventeen months after Iranian officials failed to respond to a travel document request for more than seven months).

and moved to get the judgment vacated on mootness, which it was. However, this does not invalidate the reasoning and conclusions of the Magistrate Judge and District Court Judge on this subject, and this case is still informative and persuasive to the body of law on this subject. *Alexis v. Smith*, No. CIV.A. 11-0309, 2011 WL 3924247 (W.D. La. Aug. 3, 2011), report and recommendation adopted, No. CIV.A. 11-0309, 2011 WL 3954945 (W.D. La. Sept. 6, 2011), vacated, No. CV 11-0309, 2011 WL 13386020 (W.D. La. Sept. 15, 2011).

20. Courts in this District have—pursuant to *Zadvydas*—released individuals who have been detained for over six months. *See, e.g.*, *Gomez Barco*, 2020 WL 7393786 (ordering release of an immigrant detainee who was a native and citizen of Venezuela who was detained longer than six months because ICE had not been able to secure necessary travel documents); *Balza*, 2020 WL 6143643, at *5 (ordering release of petitioner and noting that "[a]fter more than a year of detention, Petitioner's removal need not necessarily be imminent, but it cannot be speculative") (internal quotation marks omitted).

21. Under *Zadvydas*, courts have found that there is no significant likelihood of removal and granted relief where:

- No country will accept the petitioner. *See, e.g.*, *Jabir v. Ashcroft*, No. 03-2480, 2004 WL 60318 (E.D. La. Jan. 8, 2004) (granting habeas relief to petitioner detained for more than fourteen months after numerous countries refused to repatriate the petitioner).[2]

- The petitioner's country of origin refuses to issue a travel document. *See, e.g.*, *Alexis v. Smith*, No. 11-0309, 2011 WL 3924247 (W.D. La. Aug. 3, 2011) (granting habeas relief to petitioner detained for approximately one year due to the Haitian government rejecting the quality of identity documents provided); *Fermine v. Dir.*

---

[2] *See also Hassoun v. Sessions*, No. 18-CV-586-FPG, 2019 WL 78984, at *4 (W.D.N.Y. Jan. 2, 2019) (ordering release of petitioner detained fourteen months after petitioner showed "that the countries with which he has any affiliation will not accept him"); *Yusupov v. Love*, No. 4:CV-06-1804, 2007 WL 5063231 (M.D. Pa. Jan. 12, 2007); *Abel-Muhti v. Ashcroft*, 314 F. Supp. 2d 418 (M.D. Pa. 2004) (ordering release of petitioner detained approximately two years after refusal of several countries to accept petitioner).

*of Immigr. & Customs Enf't*, No. 2:06-cv-1578, 2007 WL 2284606 (W.D. La. May 23, 2007) (granting habeas relief to petitioner detained for fifteen months due to Trinidad's refusal to issue travel documents); *Lijadu v. Gonzales*, No. 06-1208, 2006 WL 3933850 (W.D. La. Dec. 18, 2006) (granting habeas relief to petitioner detained nineteen months because Nigeria refused to issue travel documents due to petitioner's HIV status).[3]

- There is no removal agreement between the United States and a country. In these scenarios, courts have found that the lack of a formal agreement regarding repatriation, lack of diplomatic relationship, and lack of a functioning government support a finding that there is no significant likelihood of removal. *See, e.g., Negusse v. Gonzales*, No. 06-1382, 2007 WL 708615 (W.D. La. Mar. 1, 2007) (granting habeas relief to petitioner detained for approximately one year because the United States did not have a repatriation agreement with Ethiopia and Ethiopia would not issue travel documents because one of petitioner's parents was not Ethiopian).[4]

- There is either no response from a country designated for removal or a significant delay in receiving a response. *See, e.g., Gonzalez-Rondon v. Gillis*, 5:19-cv-109-DCB-MTP, 2020 WL 3428983 (S.D. Miss. June 23, 2020) (granting habeas relief to petitioner detained thirteen months where there was no response from Venezuelan officials).[5]

---

[3] *See also Ka v. Bureau of Immigr. & Customs Enf't*, No. B-07-197, 2008 WL 11462867, at *8 (S.D. Tex. June 24, 2008) (ordering release of petitioner detained twelve months after Senegal "refused to issue Ka a travel document because he d[id] not have proper identity documentation"); *Moreira v. Gonzales*, No. CIVA CV05-588 A, 2006 WL 3861972 (W.D. La. Nov. 2, 2006) (granting habeas relief to petitioner detained for three years because Cape Verde advised that it would not accept the petitioner for repatriation); *Khan v. Gonzales*, 481 F. Supp. 2d 638 (W.D. Tex. 2006).

[4] *See also Gomez Barco*, 2020 WL 7393786; *Islam v. Kane*, No. CV–11–515–PHX–PGR (LOA), 2011 WL 4374226, at *3 (D. Ariz. Aug. 30, 2011) (ordering release of petitioner detained ten months where petitioner presented evidence that Bangladesh "is one of fifteen countries identified by ICE as least likely to issue travel documents"); *Carreno*, 2020 WL 8366735; *Simoza Rangel v. Gillis*, No. 5:19-cv-118-DCB-MTP, 2020 WL 7223258 (S.D. Miss. Sept. 2, 2020) (granting habeas relief to petitioner detained for sixteen months due to a lack of diplomatic relations with Venezuela); *Abduelle v. Gonzales*, 422 F. Supp. 2d 774 (W.D. Tex. 2006) (concluding that the petitioner met the burden to show removal was not reasonably foreseeable after being detained for more than one year when an injunction restricted the government's ability to remove the petitioner to Somalia).

[5] *See also Sharifi*, 2020 WL 7379211; *Aung v. Barr*, No. 20-CV-631-LJV, 2020 WL 4581465 (W.D.N.Y. Aug. 10, 2020); *Edwards v. Barr*, No. 4:20cv350-WS-MAF, 2020 WL 6747737 (N.D. Fla. Oct. 14, 2020); *Rual v. Barr*, No. 6:20-CV-06215 EAW, 2020 WL 3972319 (W.D.N.Y. July 14, 2020); *Rodriguez Del Rio v. Price*, No. EP-20-CV-00217-FM, 2020 WL

  ○ ICE fails to take action to secure travel documents for a prolonged period. *See, e.g.*, *Senor*, 401 F. Supp. 3d at 430–31 (granting habeas relief after ICE initially requested travel documents but where "there [wa]s no indication from the record that anyone ha[d] taken any further action in the eight months since that time . . . to facilitate Senor's receipt of the necessary travel documents").[6]

22. As the length of detention grows, the period of time that would be considered the "reasonably foreseeable future" shrinks. *See, e.g.*, *Zadvydas*, 533 U.S. at 701 (stating that as the length of time in detention grows "what counts as the 'reasonably foreseeable future' conversely would have to shrink"); *Senor*, 401 F. Supp. 3d at 430 ("'[T]he passage of time combined with' the 'government [being] no closer to . . . repatriating [a detainee] than they were once they first took him into custody' [is] sufficient to meet that 'initial burden.'"); *Lawrikow*, 2009 WL 2905549, at *12.

23. Petitioner's continued detention is unlawful, and Petitioner is unlikely to be removed in the reasonably foreseeable future. Therefore, Petitioner's detention violates the statute and s/he is entitled to immediate release.

24. Petitioner's detention also violates the Due Process Clause. The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. amend. V. ``Freedom from imprisonment—from

---

7680560 (W.D. Tex. Nov. 3, 2020); *Singh v. Whitaker*, 362 F. Supp. 3d 93 (W.D.N.Y. 2019); *Butt v. Holder*, No. CA 08–0672–CG–C, 2009 WL 1035354 (S.D. Ala. Mar. 19, 2009) (holding that petitioner met his initial burden where he was held in ICE custody for more than ten months after the issuance of his removal order with no indication from the Pakistani Embassy that travel documents would be issued); *Lawrikow v. Kollus*, No. CV–08–1403–PHX–GMS (LOA), 2009 WL 2905549 (D. Ariz. July 27, 2009); *Reid v. Crawford*, No. 06–02436 PHX JWS (MEA), 2007 WL 1063413 (D. Ariz. Jan. 31, 2007); *Gui v. Ridge*, No. 3CV031965, 2004 WL 1920719 (M.D. Pa. Aug. 13, 2004); *Shefqet v. Ashcroft*, No. 02 C 7737, 2003 WL 1964290 (N.D. Ill. Apr. 28, 2003).

[6] *See also Chun Yat Ma v. Asher*, No. C11–1797 MJP, 2012 WL 1432229, at *4 (W.D. Wash. Apr. 25, 2012) (ordering petitioner's release where the government failed "to provide any documentation of efforts . . . to effectuate removal . . . [for] nearly six months").

government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" that the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Civil immigration detention violates due process if it is not reasonably related to its statutory purpose. *See id.* (citing *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). In the immigration context, the Supreme Court has recognized only two valid purposes for civil detention: to mitigate the risk of flight and prevent danger to the community. *Id.* Petitioner's prolonged civil detention, which has lasted well beyond the end of the removal period, and which is likely to continue indefinitely, is no longer reasonably related to the primary statutory purpose of ensuring imminent removal. Thus, Petitioner's detention violates Petitioner's right to due process.

## CONCLUSION

25. In conclusion, Petitioner's indefinite detention violates the detention statute and is unconstitutional. Petitioner respectfully requests that this Court order Respondents to show cause why the writ should not be granted "within three days unless for good cause additional time, not exceeding twenty days, is allowed," and set a hearing on this Petition within five days of the return, pursuant to 28 U.S.C. § 2243 and grant the Writ of Habeas Corpus ordering Respondents to immediately release Petitioner from their custody.

Respectfully submitted,

Signature: Jhonatan Hernandez

Name: Jhonatan Hernandez-perez

A-Number: 209001442

Detention Center: Cimarron Correctional Facility
Address: 3200 S. Kings Hwy
          Cushing OK. 74023

11

H313-1

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**CHICAGO IMMIGRATION COURT**

Respondent Name:

    HERNANDEZ PEREZ, JHONATAN

To:

    HERNANDEZ PEREZ, JHONATAN
    DODGE COUNTY JAIL
    141 NORTH MAIN STREET
    JUNEAU, WI 53039

A-Number:
209001442
Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
01/02/2025

## ORDER OF THE IMMIGRATION JUDGE

☐ This is a summary of the oral decision entered on _____. The oral decision in this case is the official opinion, and the immigration court issued this summary for the convenience of the parties.

☑ Both parties waived the issuance of a formal oral decision in this proceeding.

### I.  Removability

The immigration court found Respondent ☑ removable ☐ inadmissible under the following Section(s) of the Immigration and Nationality Act (INA or Act): 212a6Ai, 212a2AiII, 212a2AiI

The immigration court found Respondent ☐ not removable ☐ not inadmissible under the following Section(s) of the Act:

### II.  Applications for Relief

Respondent's application for:

A.  Asylum/Withholding/Convention Against Torture

☑ Asylum was ☐ granted ☑ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☑ Withholding of Removal under INA § 241(b)(3) was ☐ granted ☑ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☑ Withholding of Removal under the Convention Against Torture was ☐ granted ☑ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☑ Deferral of Removal under the Convention Against Torture was ☑ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Respondent knowingly filed a frivolous application for asylum after notice of the consequences. *See* INA § 208(d)(6); 8 C.F.R. §1208.20

B. Cancellation of Removal

☐ Cancellation of Removal for Lawful Permanent Residents under <u>INA § 240A(a)</u> was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Cancellation of Removal for Nonpermanent Residents under <u>INA § 240A(b)(1)</u> was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Special Rule Cancellation of Removal under <u>INA § 240A(b)(2)</u> was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

C. Waiver

☐ A waiver under INA § was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

D. Adjustment of Status

☐ Adjustment of Status under INA § was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

E. Other

**III.   Voluntary Departure**

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a) ☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ denied.

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a) ☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ granted, and Respondent is ordered to depart by              . The respondent must post a $ bond with DHS within five business days of this order. Failure to post the bond as required or to depart by the required date will result in an alternate order of removal to taking effect immediately.

☐ The respondent is subject to the following conditions to ensure his or her timely departure from the United States:

☐ Further information regarding voluntary departure has been added to the record.

☐ Respondent was advised of the limitation on discretionary relief, the consequences for failure to depart as ordered, the bond posting requirements, and the consequences of filing a post-order motion to reopen or reconsider:

If Respondent fails to voluntarily depart within the time specified or any extensions granted by the DHS, Respondent shall be subject to a civil monetary penalty as provided by relevant statute, regulation, and policy. *See* INA § 240B(d)(1). The immigration court has set
☐ the presumptive civil monetary penalty amount of $3,000.00 USD
☐ $ USD instead of the presumptive amount.
If Respondent fails to voluntarily depart within the time specified, the alternate order of removal shall automatically take effect, and Respondent shall be ineligible, for a period of

10 years of voluntary departure or removal under sections 240A, 245, 248, and 249 of the Act, to include cancellation of removal, adjustment of status, registry, or change of nonimmigrant status. *Id.* If Respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of such a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply.

If Respondent appeals this decision, Respondent must provide to the Board of Immigration Appeals (Board), within 30 days of filing an appeal, sufficient proof of having posted the voluntary departure bond. The Board will not reinstate the voluntary departure period in its final order if Respondent does not submit timely proof to the Board that the voluntary departure bond has been posted.

In the case of conversion to a removal order where the alternate order of removal immediately takes effect, where Respondent willfully fails or refuses to depart from the United States pursuant to the order of removal, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

## IV.    Removal

☑    Respondent was ordered removed to Mexico

☐    In the alternative, Respondent was ordered removed to

☐    Respondent was advised of the penalties for failure to depart pursuant to the removal order:

> If Respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

## V.    Other

☐ Proceedings were  ☐ dismissed  ☐ terminated with prejudice
    ☐ terminated without prejudice  ☐ administratively closed.

☐ Respondent's status was rescinded under INA § 246.

☐ Other:

Immigration Judge: Cole, Samuel 01/02/2025

Appeal:    Department of Homeland Security: ☑ waived   ☐ reserved
           Respondent:                      ☑ waived   ☐ reserved

Appeal Due:

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Noncitizen | [ P ] Noncitizen c/o custodial officer | [ ] Noncitizen's atty/rep. | [ E ] DHS
Respondent Name : HERNANDEZ PEREZ, JHONATAN | A-Number : 209001442
Riders:
Date: 01/02/2025 By: GALBRAITH, PARKER, Court Staff

| Name: | Field Office: | File #: |
|---|---|---|
| HERNANDEZ PEREZ, JHONATAN | CHI-T | 209 001 442 |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

(A)  willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B)  willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

(C)  connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

(D)  willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action Immigration and Customs Enforcement may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

*       Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: |
|---|---|
| January 02, 2025 | |

| **Record of Service** |
|---|
| **(Check method used)** |

| **Record of Personal Service** |
|---|
| (      ) |

| Served By: (Print Name and Title of Officer) | Date: |
|---|---|
| CHRISTOPHER WIET, Deportation Officer | January 03, 2025 |

| Officer's Signature: | Location of Service: DOCKET CONTROL OFFICE CHICAGO |
|---|---|
| CHRISTOPHER J WIET  Digitally signed by CHRISTOPHER J WIET Date: 2025.01.03 08:02:26 -06'00' | CHICAGO, IL |

| Served On: (Alien's Signature) | Date: |
|---|---|
| X  *Jhonatan Hernandez* | January 03, 2025 |

| (      ) **Warning administered in Court** | **Record of Personal Service (Cont.)** |
|---|---|
| **(Copy of order attached)** | |
| (      ) **Certified Mail Service** | Fingerprint of Alien (Specify finger used) |

**Attach certified mail receipts here.**

Form I-229(a)
(Revised 12/04/02)

# INSTRUCTIONS TO OBTAIN TRAVEL DOCUMENTS REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the ICE officer depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

☒ Submit passports (current and expired) to ICE. If you have a copy of your passport, you are to submit it.

☒ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

☒ Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

☒ Submit to ICE birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.

☒ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.

☒ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.

☒ You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.

☒ Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.

☒ Provide ICE with written copies of responses from embassies or consulates regarding your requests.

☒ Solicit permission from another country, which may be able to accept you, to enter that country to affect your removal from the United States.

☒ Provide your true and correct name and date of birth and any other identities you have ever used.

☐ Other:_____

Alien's Signature _Jhonatan Hernandez_ A Number _209 001 442_

Served by _CHRISTOPHER WIET_ on _January 03, 2025_ at _CHI-T_

       Officer's Name              Date            Location

**To be served with I-229 (a) no later than 30 days after the final order**

(Rev. 04/18/12)

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
101 Ida B Wells Drive
Chicago, IL 60605



**U.S. Immigration
and Customs
Enforcement**

Hernandez-Perez, Jhonatan                                         A209 001 442
 c/o Immigration and Customs Enforcement
Chicago Field Office

## Notice to Alien of File Custody Review

You are detained in the custody of U.S. Immigration and Customs Enforcement (ICE) and you are required to cooperate with ICE in effecting your removal from the United States.  If ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days of either: 1) your entering ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in ICE custody), ICE's Deciding Official will review your case for consideration of release on an Order of Supervision.  Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you will not pose a danger to the community and will not present a flight risk.

Your custody status will be reviewed on or about April 2, 2025.  The Deciding Official may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel document.
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3).  An attorney or other person may submit materials on your behalf.  The deciding official will notify you of the decision in your case.  Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

**Notice to Alien of File Custody Review**

Hernandez-Perez, Jhonatan A209 001 442

Page 2

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _____C Wiet_____ ,Deportation ____Officer____
            Name of ICE Officer                     Title
            Hernandez-Perez, Jhonatan _____
            Name of detainee    certify that I served with a copy of this document at
            _____ __1/3/25_____ , at __1200_____ .
            Institution              Date                     Time

(b)    I certify that I served the custodian _____,
                                               Name of Official
_____ , at _____ , on
        Title                                      Institution
_____ with a copy of this document.
        Date

# OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

            I _____ , _____ , certify
                    Name of ICE Officer                     Title
that I served _____and the custodian _____ ,
                    Name of detainee                     Name of Official
with a copy of this document by certified mail at _____ on _____ .
                                                        Institution              Date

Detainee Signature: X _Jhonatan Hernandez_ Date: 1/3/25

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

Exhibit#A

U.S. Immigration and Customs Enforcement

245A

1/4/25

**DODGE COUNTY JAIL**
25-001491

Exhibit #A

Pod D **ICE IMMIGRATION DETAINEE REQUEST FORM**

☐ PROPERTY/MONEY ISSUES          ☑ CASE INFORMATION

Habeos Corpus

NOTE: For Medical Services, you will need to submit a sick call request to the Health Services Unit to be treated.  If you are not satisfied or are still concerned about your medical care, you will need to file a grievance form with the IGSA Detention facility.

DETAINEE NAME: Jhonatan Hernandez          A# 209001442

NATIONALITY: Mexico          ICE CUSTODY DATE: 10/07/24

JAIL ID# 1068400          BLOCK & CELL: ~~H2 43~~ D215A

DETAINEE REQUEST: Officer C. Wiet I just wanted to ask what would I need to do or know about my release from your Custody? is there some Documentation I would have to turn in? when will I be released? who can pick me up & from where? Thank you for your time.

DETAINEE SIGNATURE: Jhonatan Hernandez          DATE: 1/3/25

IGSA Comments: _____

RESPONSE FROM: _____          TITLE: _____

The immigration judge ordered you removed and granted you DCAT.  This means you will be in custody for 90 days to allow ICE to try to remove you to a "third County" ICE will send requests to other countries to see if they will accept you as a deportee.  Most likely, None of these countries will accept you and you will be released after 90 days on an Order of Supervision. You are scheduled for release on or about April 2, 2025.  Please send me the address where you will live once released and the name and phone number of a person who can pick you up from Dodge on April 2, 2025.

OFFICER SIGNATURE   Wiet 1/4/25          DATE: _____

Exhibit #A

U.S. Department of Homeland Security
Immigration and Customs Enforcement

**Warning for Failure to Depart**

| NAME: | District Office: | File #: |
|---|---|---|
| **Hernandez-Perez, Jhonatan** | **DAL/PRL** | **209 001 442** |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

(A)  willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B)  willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

(C)  connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

(D)  willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a), or both.

 Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action the Immigration and Naturalization Service may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

*      Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or ac prevent
the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: | |
|---|---|---|
| 01/02/2025 | 212(a)(6)(A)(i) | |

| Record of Service (Check method used) | | |
|---|---|---|
| ( X ) | **Record of Personal Service** | |

| Served By: (Print Name and Title of Officer) | | Date: |
|---|---|---|
| Kevin Legg           , D.O. | | 1.29.2025 |

| Officer's Signature: | Location of Service: | |
|---|---|---|
| | Alvarado, TX | |

| Served On: (Alien's Signature) | | Date: |
|---|---|---|
| X   *Jhonatan Hernandez* | | 1.29.2025 |

| ( ) | Warning administered in Court (Copy of order attached) | Record of Personal Service (Cont.) |
|---|---|---|
| ( ) | Certified Mail Service | Fingerprint of Alien (Specify finger used) |
| | Attach certified mail receipts here. | Right Index |

Form I-229(a)
(Revised 12/04/02)

# INSTRUCTION SHEET TO DETAINEE
## <u>REGARDING REQUIREMENT TO ASSIST IN REMOVAL</u>

Detainee Name: Hernandez-Perez, Jhonatan        A#: 209 001 442

☒ In order to comply with your obligation to assist in obtaining a travel document, the following is a list of items you are required to provide within **30 days** of receiving this form:

> ➤ Originals or photo copies of all passports (current and expired) to ICE

> ➤ Originals or photo copies of all (birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States) to ICE

> ➤ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country

> ➤ Comply with all Instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

> ➤ Request family and friends residing abroad or in the United States to contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document for your safe return to your home country

> ➤ Names and addresses of family and friends residing in the United States

> ➤ Names and addresses of family and friends residing in your country of citizenship and

> ➤ Take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States

> ➤ Provide ICE with any written copies of requests to embassies or consulates requesting issuance of a travel document on your behalf

> ➤ Provide ICE with any written copies of responses from embassies or consulates regarding your requests

> ➤ Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.

**CONTINUATION OF INSTRUCTION SHEET TO DETAINEE
REGARDING REQUIREMENT TO ASSIST IN REMOVAL**

☒ You are being detained by ICE pending your removal from the United States. At this time, ICE has sufficient identity documents for you and is working with your consulate/embassy to obtain a travel document for you. In the event additional information or an interview is needed, you will be notified by your Deportation Officer.

*Failure to provide requested documents and/or failure to comply with requests may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer in person or by completing a Case Management Worksheet.*

Alien's Signature: **X**_____Jhonatan Hernandez_____

Officer Signature: _____

Served by: _____Kevin Legg_____, D.O.     on ___1.29.2025___ at _____Alvarado, TX_____
                      *Officer's Name*                         *Date*                  *Location*

(Rev. 11/2009)



**U.S. Department of Homeland Security**
Enforcement and Removal Operations
Dallas Field Office
8101 N. Stemmons Freeway.
Dallas, TX 75247

**U.S. Immigration
And Customs Enforcement**

Hernandez-Perez, Jhonatan
A# 209 001 442
C/O ICE/ERO
1209 Sunflower Ln.
Alvarado, TX 76009

### Notice to Alien of File Custody Review

   You are detained in the custody of U.S. Immigration and Customs Enforcement (ICE) and you are required to cooperate with ICE in effecting your removal from the United States.  ICE Field Director will review your case for consideration of release on an Order of Supervision, pursuant to 8 CFR 241. Release, however, is dependent on your demonstrating by "clear and convincing evidence" that you **will not** pose a danger to the community and **will not** be a significant flight risk. You must also demonstrate that a travel document is not available in the reasonable foreseeable future to effect your removal from the United States.

   Your custody status will be reviewed on or about: __04.03.2025__   The Field Director may consider, but is not limited to considering the following:

1.   The nature and seriousness of your criminal convictions;
2.   Other criminal history;
3.   Sentence(s) imposed and time actually served;
4.   History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5.   Probation history;
6.   Disciplinary problems while incarcerated;
7.   Evidence of rehabilitative effort or recidivism;
8.   Equities in the United States;
9.   Prior immigration violations and history; and cooperation in obtaining your travel document.

   You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b) (3).  An attorney or other person may submit materials on your behalf.  The Field Director will notify you of the decision in your case.
                     U.S. Department of Homeland Security
                     **Immigration and Customs Enforcement**
                     Attn:  Deportation Officer Kevin Legg
                     1209 Sunflower Ln.
                     Alvarado, TX 79501

---

METHOD OF SERVICE

I certify that this form was provided to the alien by:      ☒ (Hand)          ☐ (Institution Mail)
☐ CC: Attorney of Record or Designated Representative
☒ CC: A-file

| | | |
|---|---|---|
| _____ | Kevin Legg      , D.O. | 1.29.2025 |
| Signature of Officer | Print Name of Officer/Title | Date |

*Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
Dallas Field Office
8101 North Stemmons Freeway
Dallas, TX 75247



U.S. Immigration
and Customs
Enforcement

HERNANDEZ-PEREZ, Jhonatan                                          A 209001442
c/o Immigration and Customs Enforcement
Dallas Field Office

### Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed, and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file, consideration of any information you submitted to ICE's reviewing officials, and upon review of the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

As explained below ICE has determined to maintain your custody because:

> You are a final order of removal and and have been granted Withholding of Removal under the Convention Against Torture (DCAT) by the Immigration Judge.

ICE has made such determination based upon the following:

Your likelihood of removal is in the foreseeable future. The U.S. Government foresees no issues in effectuating your removal.

Based on the above, you are to remain in ICE custody pending your removal from the United States, as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e) have been satisfied. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 U.S.C. § 1253(a).

If you have not been released or removed from the United States at the expiration of the three-month period after this 90-day review, jurisdiction of the custody decision in your case will be transferred to the ICE Headquarters (ERO Removal Division), Potomac Center North, 500 12th Street SW, Washington, DC 20536. The ERO Removal Division will thereafter conduct a custody review and will make a determination regarding whether you will continue to be detained pending removal or may be released.

To assist in the ERO Removal Division custody review, you will be afforded a personal interview. You (and your representative who has filed a *Form G-28, Notice of Entry of Appearance*, if any) will be notified of the date and time of the interview approximately 30 days prior to the scheduled interview date. This interview may

be in person or through a video teleconference. If ERO needs to change the date of the interview, ERO will provide notice to you and your representative, if any.

You may be accompanied during the interview by a person of your choice, subject to security requirements at the detention facility, as long as this person is able to attend the interview at the scheduled time.

You may submit any additional documentation, in English, that you wish to be considered in support of your release at the time of the interview or via mail service up to five business days prior to the scheduled time of your interview to the following address:

> Attn: ICE Deportation Officer
> 1209 Sunflower Lane
> Alvarado, Texas 76009

Such documentation should contain a cover letter indicating that the material is submitted in support of your Post Order Custody Review personal interview. An attorney or other person may submit materials on your behalf.

You are required to complete the below information:

**I do ☐ /do not ☐ want a personal interview.**

**If you want a personal interview, please check the appropriate box(es) below:**

☐    **I need an interpreter for your interview.**

   **Language/Dialect:** _____

☐    **I will be assisted at this interview by a representative of my own choosing.**

   **Name:** _____

If your representative has not filed a *G-28, Notice of Entry of Appearance* on your behalf, you are responsible for notifying any other person you have selected to assist you of the date, time, and location of the interview. The representative must be at least 18 years of age.

You will be sent a separate *Notice to Alien of Interview for Review of Custody Status* approximately 30 days before the interview is scheduled. If you wish to request additional time to prepare for the interview, you must notify your ICE Deportation Officer within five business days of receipt of the notice of your interview. If ERO agrees to postpone the interview at your request, you will be deemed to have waived its completion prior to jurisdiction over your case transferring to the ERO Removal Division.

You will be notified of the decision in your case when the custody review has been concluded by the ERO Removal Division.

TERRY A
DAVIS
Digitally signed by
TERRY A DAVIS
Date: 2025.04.03
08:27:20 -05'00'

_____          _____          _____
Terry Davis                        (a) Deputy Field Office Director            Date

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION

File No.: 209 001 442

Name: HERNANDEZ-PEREZ, JHONATAN                    Date: June 11, 2025

On ___January 2, 2024___ , you were ordered:
(Date of Final Order)

☐ Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.

☒ Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the agency has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒ That you appear in person at the time and place specified, upon each and every request of the agency, for identification and for deportation or removal.

☐ That upon request of the agency, you appear for medical or psychiatric examination at the expense of the United States Government.

☒ That you provide information under oath about your nationality, circumstances, habits, associations and activities and such other information as the agency considers appropriate.

☒ That you do not travel outside _____Wisconsin_____ for more than 48 hours without first having notified this
(Specify geographic limits, if any)
agency office of the dates and places, and obtaining approval from this agency office of such proposed travel.

☒ That you furnish written notice to this agency office of any change of residence or employment 48 hours prior to such change.

☒ That you report in person on 12/11/2025    08:00 AM  to this agency office at:
(Date/Time)

See I-831
(Reporting Address)

☐ That you assist U.S. Immigration and Customs Enforcement in obtaining any necessary travel documents.

☐ Other: *Your release is contingent upon your enrollment and successful participation in an Alternatives to Detention (ATD) program as designated by the U.S. Department of Homeland Security. As part of the ATD program, you will be subject to electronic monitoring and may be subject to a curfew. Failure to comply with the requirements of the ATD program will result in a redetermination of your release conditions or your arrest and detention.*

*If fitted with a U.S. Immigration and Customs Enforcement GPS tracking ankle bracelet, do not tamper with or remove the device. Under federal law, it is a crime to willfully damage or attempt to damage property of the United States. Damaging or attempting to damage the GPS tracking ankle bracelet or any of its associated equipment (including, but not limited to, the charging station, batteries, power cords, etc.) may result in your arrest, detention, and prosecution under 18 U.S.C. § 1361 and/or 18 U.S.C. § 641, each punishable by a fine, up to ten years imprisonment, or both.*

☐ See attached sheet containing other specified conditions (Continue on separate sheet if required)

_____          AGUDELO, J4938 _____
(Signature of ICE Official)                        (Print Name and Title of ICE Official)

**Alien's Acknowledgement of Conditions of Release under an Order of Supervision**

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _____English_____ language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_____          _____
(Signature of ICE Official Serving Order)                (Signature of Alien)

__06/11/2025__
(Date)

ICE Form I-220B (10/20)                                        Page 1 of   5

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION (CONTINUATION PAGE)

| Alien Name | | | Picture | Right Index Print |
|---|---|---|---|---|
| HERNANDEZ-PEREZ, JHONATAN | | | | |
| File Number | | Date | | |
| 209 001 442 | | June 11, 2025 | | |
| Alien's Signature | | | | |
| x  _Jhonatan H._ | | | | |
| Alien's Telephone Number (if any) (920) 489-7277 | | | | |
| Alien's Address | | | | |
| 568 Laverne Dr | | | | |
| Green Bay    WISCONSIN    54311 | | | | |

### PERSONAL REPORT RECORD

| Date | Officer | Comment/Changes |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| Signature | Title |
|---|---|
| CASTILLO, MARTIN 7028 | DO |

JCE Form I-220B (10/20)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION (ADDENDUM)

File No.:  209 001 442

Name:  HERNANDEZ-PEREZ, JHONATAN                           Date:  June 11, 2025

[X] That you do not associate with know gang members, criminal associates, or be associated with any such activity.

[ ] That you register in a substance abuse program within 14 days and provide ICE with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a counselor.

[ ] That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days.  You must provide ICE with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.

[ ] That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency(s) and provide ICE with written proof of such within 10 days.

[X] That you do not commit any crimes while on this Order of Supervision.

[ ] That you report to any parole or probation officer as required within 5 business days and provide ICE with written verification of the officer's name, address, telephone number, and reporting requirements.

[ ] That you continue to follow any prescribed doctor's orders whether medical or psychological including taking prescribed medication.

[X] That you provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.

[X] That you provide ICE with written responses from the Embassy or Consulate regarding your request.

[X] Any violation of the above conditions will result in revocation of your employment authorization document.

[X] Any violation of these conditions may result in you being taken into Service custody and you being criminally prosecuted.

[ ] Other:

X _____Jhonathan H._____
               Alien's Signature

ICE Form I-220B (10/20)                                                                    Page 3 of  5

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION (OUTPROCESSING CHECKLIST)

**All Aliens**

[X] Probation/Parole Officer Notified

[ ] Obtain address where living and telephone number

[ ] Enter into IDENT

[X] NCIC Check

[ ] Travel Document Application

**Sex Offenders**

[ ] Probation/Parole Officer Notified

[ ] Registered as sex-offender as required by state statute within 7 days

[ ] Victim/Witness Coordinator Notified

[ ] Victim/Witness Notified

[ ] Written Proof of Counseling

**Substance Abusers**

[ ] Probation/Parole Officer Notified

[ ] Written Proof of Counseling

| Completed By | |
|---|---|
| ICE Official | Date |
| CASTILLO, MARTIN 7028 | 06/11/2025 |

| Concurrence By | |
|---|---|
| Supervisory ICE Official | Date |
| AGUDELO, J4938 | 06/11/2025 |

ICE Form I-220B (10/20)

U.S. Department of Homeland Security

Continuation Page for Form I-220B

| Alien's Name<br>HERNANDEZ-PEREZ, JHONATAN | File Number<br>209 001 442<br>Event No: MIL2303000001 | Date<br>06/11/2025 |
|---|---|---|

LOCATION OF ICE OFFICE WHICH YOU REPORT TO
--------------------------------------------
310 East Knapp St., Milwaukee, WI 53202

| Signature | Title |
|---|---|
| MARTIN 7028 CASTILLO | DO |

Form I-831 Continuation Page (Rev. 08/01/07)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## WARNING FOR FAILURE TO COMPLY WITH TERMS OF SUPERVISED RELEASE

| Name | Field Office | File # |
|------|-------------|--------|
| HERNANDEZ-PEREZ, JHONATAN | PRL-T | 209 001 442 |

Section 243(b) of the Immigration and Nationality Act of 1952, as amended, provides, in part, that:

An alien who shall willfully fail to comply with regulations or requirements issued pursuant to section 241(a)(3)* or knowingly give false information in response to an inquiry under such section shall be fined not more than $1000 or imprisoned for not more than one year, or both.

*Section 241(a)(3) of the Immigration and Nationality Act of 1952, as amended, provides, in part, that:

If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the alien—

(A)   to appear before an immigration officer periodically for identification;

(B)   to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government;

(C)   to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and

(D)   to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

| Date Order Final | Ordered Removed under Section |
|------------------|------------------------------|
| January 2, 2025 | 212a6Ai, 212a2AiII, 212a2AiI |

### Record of Service
(Check method used)

☐ **Record of Personal Service**

| Served By (Print Name and Title of Officer) | | Date |
|---|---|---|
| C. Schmitt    Do | | June 11, 2025 |

| Officer's Signature | Location of Service | |
| *[signature]* | 1209 Sunflower Lane | |
| | Alvarado TX 76009 | |

| Served On: (Alien's Signature) | Date |
|---|---|
| x  *Jhonatan H.* | June 11, 2025 |

| ☐ **Certified Mail Service** | Fingerprint of Alien (Specify finger used) |
|---|---|
| **Attach certified mail receipts here.** | Right Index |

ICE Form I-229B (4/09)                                                                 Page 1 of 1

6/11/25, 2:16 PM                              FOAS Appointment Confirmation - Field Office Appointment Scheduler 2.0

# Appointment Confirmed:

## Thursday, December 11, 2025 08:00AM (CST)

## Confirmation # FOAS1334927

**Please keep this confirmation number for your records.**

**Selected Location:**

**MILWAUKEE FIELD OFFICE ERO (MIL)**
310 EAST KNAPP STREET
MILWAUKEE, WI 53202

📞 4147927148

✉ MILND@ice.dhs.gov

**Appointment Information:**

👤 Name: **HERNANDEZ-PEREZ, JHONATAN**

🪪 Alien Number: **209001442**

🪪 Subject ID: **383593160**

🪪 Case ID: **24517930**

ℹ Appointment Type: **Non-Detained Single**

Name: Jhonatan Hernandez-Perez
A Number: 209 001442
Address: 3200 S. Kings Hwy,
Cushing OK. 74023

PRO SE

## UNITED STATES DISTRICT COURT
Northern District of Texas

3-25CV2415-X

Name: Jhonatan Hernandez-Perez )
                         )
Petitioner,            )
                         )
   v.                    )
Terry A Davis, Deputy Field office )
Director, Dallas Field office, )
United States Immigration and Customs )
Enforcement; Joshua Johnson, Dallas )
Field office Director, Podd Lyons, Acting )
Director, United States Immigration and )
Customs Enforcement; Kristi Noem, )
Secretary, United States Department of )
Homeland Security; and )
            Grant       , )
WARDEN OF IMMIGRATION DETENTION )
FACILITY, )
                         )
Respondents. )

Case No. _____

**[PROPOSED]**
**ORDER TO SHOW CAUSE**

Upon consideration of Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. 2241, and

memorandum of law that requests, *inter alia*, the issuance of an Order to Show Cause pursuant to

28 U.S.C. §2243, IT IS HEREBY ORDERED that:

1.  Respondents are ORDERED to file a return on the Order to Show Cause why the Petition for

    a Writ of Habeas Corpus should not be granted by 9/8/2025 .

2.  Petitioner shall have an opportunity to reply by 9/22/2025 .

3.  A hearing on this case shall be set on _____

   And such other and further relief as the Court may find appropriate.

IT IS SO ORDERED.

Dated:                                    _____

                                          UNITED STATES DISTRICT COURT

8/22/25

To the Clerk of The United States
District Court for The Northern District
of Texas Dallas Division.



SEP - 8 2025

Dear Clerk,
I Jhonatan Hernandez-Perez The
Petitioner in this Case is filing this request
asking the Honorable Clerk of the Court for
the following:

1) To serve a copy of Petitioner's Petition to the
Respondent and
2) To return a stamped copy for Petitioner's Record.
In support there of Petitioner will show the following.

Petitioner has attached his application to file his
Petition in forma pauperis showing that he is
incarcerated and without the sufficient funds to
pay the required fees to file his petition in other
words he has no money in his commisary account.
Petitioner prays for the Clerk of the court
grant his request allowing him to continue
this process as indigent.
Thank you very much for your help and Consideration
in this matter.              Sincerely,

Bryan Hodgkins
Notary
Payne County
Oklahoma
22 August 2025



Jhonatan Hernandez
Jhonatan Hernandez
Cimarron Correctional Facility
3200 S. Kings Hwy, Cushing Ok. 74023

Jhonatan Hernandez-Perez
A# 209001442   Fox-Bravo 217
Cimarron Correctional Facility
3200. S. Kings Hwy, Cushing OK. 74023



X-R

RECEIVED - 4

SEP - 8 2025

MAILROOM

To: The Clerk of The U.S. District
Court for The Northern District of
Texas, Dallas Division
Earle Cabell Federal building,
1100 Commerce Street, Room 1452
Dallas, TX 75242-1391

CONFIDENTIAL

Legal